### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**IKECHUKWU HYGINIUS OKORIE**                                    **APPELLANT**

**V.**                                    **CIVIL ACTION NO. 2:24-CV-51-KS-MTP**

**KIMBERLY R. LENTZ, TRUSTEE**                                    **APPELLEE**

### <u>ORDER</u>

This matter is before the Court on Appellant Ikechukwu H. Okorie's ("Okorie") appeal of the Bankruptcy Court's Order [1198][1] in Case No. 19-50379-KMS.  *See also* [1-2](same).  In the Order [B.1198], the Bankruptcy Court granted sanctions against Okorie in the amount of $78,533.27, representing approved fees and expenses the Trustee incurred while defending against Okorie's filings, deemed "frivolous" by the Bankruptcy Court.[2]  In addition, the Order [B.1198] adjudged Okorie's conduct to be in "bad faith" and implemented a pre-filing injunction against Okorie which enjoins him "from filing any future pleadings, motions, or other documents seeking relief from this Court in this case and the related adversary proceedings without first requesting and obtaining leave of Court."  *See* [1-2] at 13.  For the reasons discussed below, the Court affirms the Order [B.1198] and dismisses this appeal.  Okorie's Motion for Stay Pending Appeal [2] is hereby denied as moot.

---

[1] Hereinafter, the Court will refer to the Order [1198] and other ECF filings in Bankruptcy Case No. 19-50379-KMS as "[B.****]" with the appropriate ECF number to create a distinction between Orders and filings in the Bankruptcy Court and those in this Court.

[2] This Court has previously dismissed Okorie's appeal of the Bankruptcy Court's Order [B.1121], which approved the First Application for Compensation for Attorney for the Trustee in the amount of $78,533.27, payable from the unencumbered property of the bankruptcy estate.  *See Okorie v. Lentz*, Civil Action No. 2:24-cv-30-KS-MTP.  In that matter, the Court found that Okorie did not have standing to appeal the Order [B.1121].  Okorie has appealed that decision to the Fifth Circuit Court of Appeals in Appeal No. 24-60345, which remains pending as of the date of this Order.

I.    BACKGROUND

In February 2019, Okorie filed his individual petition for relief under Chapter 11 of the Bankruptcy Code and later converted his case to Chapter 7.  About two years later, in February 2021, Kimberly R. Lentz was appointed as Trustee for the Chapter 7 case.  *See* [B.340].  The Trustee set about gathering and liquidating assets of the estate.  During the course of the bankruptcy, the property at 3700 Hardy Street, Hattiesburg, was abandoned from the bankruptcy estate, and by June 2021, Okorie entered an agreement with Citizens Bank to restructure the debt.  *See* [B.372], [B.405], [B.416].  On October 5, 2021, Okorie received his Court-ordered discharge.  *See* [B.447].  According to the docket before the Bankruptcy Court, around that time Okorie began making *pro se* filings in the bankruptcy case.  *See, e.g.*, [B.450].  By February 2, 2022, Okorie's counsel filed a Motion to Withdraw [B.488], which the Court granted on February 4, 2022.  *See* [B.490].  Thereafter, Okorie made filings that could be construed as an effort to halt the sale of various properties in the bankruptcy estate.  *See, e.g.*, [B.536].  He also sought to remove Trustee Lentz.  *Id.*  After a hearing, Okorie withdrew the motion, and on June 30, 2022, the Court entered an agreed order signed by Okorie and counsel for the Trustee withdrawing the claim with prejudice.  *See* [B.560].  By January 2023, the property of the estate had been liquidated, and by May 2023, Trustee Lentz filed a final application for payment of the accountant for the estate, which the Court granted.  *See* [B.603], [B.605].

However, on June 9, 2023, Okorie filed a Motion to Stay a foreclosure proceeding on the property located at 3700 Hardy Street, Hattiesburg, which had been previously abandoned by the estate.  *See* [B.372], [B.405], and [B.416].  Other filings by Okorie followed.  Between June 9, 2023 and March 25, 2024, the date of the sanctions Order [B.1198], Okorie filed more than 126 complaints, motions, objections, and replies, including 6 adversary proceedings.  *See* [1-2] at 6 &

n.3.[3]  Giving specific examples, the Bankruptcy Court concluded that many of these filings made

"baseless attacks on the Trustee and her administration of the estate."  *Id.* at 6.

To defend against this wave of filings, the Trustee hired counsel to represent her, which

was approved by the Bankruptcy Court in July 2023.  *See* [B.632], [B.636].  On September 26,

2023, the Trustee's counsel sent to Okorie a Rule 9011[4] "safe-harbor" letter[5] with a draft motion

for sanctions setting out the factual and legal issues with Okorie's filings and giving Okorie

twenty-one days within receipt of the letter to withdraw certain filings.  *See* [B.846], [B.849].

Okorie did not withdraw the filings as detailed in the "safe-harbor" letter and draft motion for

sanctions.  Instead, he continued with multiple filings that made various accusations against

Trustee Lentz, creditors, and their counsel.  *See, e.g.*, [B.855]("Motion for Violation of Automatic

Stay, Sanctions, Fraud, Unjust Enrichment, Intimidation, and Additional Reliefs against

PriorityOne Bank, and Derek A. Henderson").

On October 19, 2023, counsel for Trustee Lentz filed a Motion for Sanctions seeking

attorneys' fees and costs resulting from defending against Okorie's claims, as well as an order

---

[3] The Court observes that since entry of the Bankruptcy Court's sanctions Order [B.1198] on March 25, 2024, Okorie has filed 45 separate documents in Bankruptcy Case No. 19-50379.

[4] Rule 9011 provides, in relevant part, that:

> By presenting to the court a petition, pleading, written motion, or other document--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that, to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances:
>> (1) it is not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law;
>> (3) the allegations and factual contentions have evidentiary support--or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>> (4) the denials of factual contentions are warranted on the evidence--or if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b).

[5] Bankruptcy Rule 9011(b) provides that a motion for sanctions cannot be filed without first giving the opposing party twenty-one days to withdraw or appropriately correct "the challenged paper, claim, defense, allegation, or denial." Fed. R. Bank. P. 9011(c)(1)(A).

enjoining Okorie from filing papers in the Bankruptcy Court without prior court approval. [B.922] at 2. Okorie filed his Response [B.931] to the Motion for Sanctions on October 31, 2023. In his Response, Okorie invoked First Amendment rights and defended his filings. *See* [B.931]. The Bankruptcy Court held a hearing on the Motion for Sanctions on February 22, 2024. *See* [B.1108], [B.1162](transcript of hearing).

After due consideration, the Bankruptcy Court issued its decision [B.1198] on March 25, 2024. In its opinion, the Bankruptcy Court set out the procedural history of the case and illustrative examples of Okorie's "frivolous filings and collateral attacks on Court orders" that Trustee Lentz and other creditors have been forced to defend. *See* [B.1198] at 7-9; *see also* [1-2] at 7-9 (same). After examining the filings, the Bankruptcy Court concluded that Okorie had violated Bankruptcy Rule 9011 by (1) submitting filings that lack support in existing law or are supported only by frivolous arguments; (2) alleging facts contrary to the record in filings he has signed; (3) advancing groundless and patently frivolous filings solely to harass Trustee Lentz and creditors, and to prevent enforcement of Court orders; (3) and failing to present any evidence to support his allegations. [B.1198] at 10-11. The Bankruptcy Court drew an adverse inference against Okorie for his refusal to testify pursuant to his Fifth and Sixth Amendment rights. *Id.* at 11 (citing, *inter alia*, *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)). The Bankruptcy Court also observed that "[r]egardless of the law or the facts and his obligation to make reasonable inquiry into both, Dr. Okorie persists in appealing every adverse ruling, claiming his 'God given appeals right.'" *Id.* at 11. Considering the record, and in the light of the $78,533.27 in approved fees[6] and expenses the estate incurred against defending his filings, the Bankruptcy Court imposed sanctions in the

---

[6] This Court has upheld the Order approving fees. *See* n. 2 *supra.* The Court also observes that when the Bankruptcy Court issued its Order [B.1198] granting sanctions on March 25, 2024, Okorie had already appealed the Order [B.1121] approving fees on February 29, 2024. *See* [B.1126].

amount of $78,533.27 against Okorie, payable to the Trustee within thirty days of the date of the Order [B.1178].

In addition, the Bankruptcy Court considered the Trustee's request for a pre-filing injunction against Okorie. *Id.* at 12. Weighing the factors set forth in *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008), the Bankruptcy Court concluded that Okorie "has undermined the integrity of the bankruptcy system" and that his "conduct amounts to bad faith." [B.1178] at 12-13. Accordingly, the Bankruptcy Court imposed a pre-filing injunction against Okorie that requires him to obtain leave of Court before being allowed to make a filing. *Id.* at 13-14. This appeal followed on March 29, 2024. *See* [1].

II.    STANDARD OF REVIEW

This Court's subject matter jurisdiction is based on 28 U.S.C. § 1334. The Court reviews the Bankruptcy Court's conclusions of law *de novo* and findings of fact for clear error. *Beaulieu v. Ragos (In re Ragos)*, 700 F.3d 220, 222 (5th Cir. 2012); *Dean v. Seidel (In re Dean)*, 18 F.4th 842, 843-844 (5th Cir. 2021). A bankruptcy court's factual findings will be affirmed "absent 'a firm and definite conviction that the bankruptcy court made a mistake.'" *Ragos*, 700 F.3d at 222 (quoting *Cahill v. Walker & Patterson, P.C. (In re Cahill)*, 428 F.3d 536, 542 (5th Cir. 2005)).

"No one, rich or poor, is entitled to abuse the judicial process." *Green v. Carlson*, 649 F.2d 285, 287 (5th Cir. 1981). Moreover, there exists "no constitutional right of access to the courts to prosecute . . . action[s] that [are] frivolous or malicious" even by *pro se* litigants. *Cauthon v. Rogers*, 116 F.3d 1334, 1337 (10th Cir. 1997); *see also Carroll v. Abide* (*In re Carroll*), No. 3:16-CV-00218-JWD-RLB, 2016 WL 4127768, at *9 (M.D. La. Aug. 2, 2016), *aff'd*, 850 F.3d 811 (5th Cir. 2017).

"Federal courts have inherent powers which include the authority to sanction a party or

attorney when necessary to achieve the orderly and expeditious disposition of their dockets."
*Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 411 (5th Cir. 1996)(citation omitted); *see also In re Carroll*, 850 F.3d at 815.  "A court must make a specific finding of bad faith in order to impose sanctions under its inherent power." *In re Carroll*, 850 F.3d at 815.

Federal courts also have authority to enjoin vexatious litigants under the All Writs Act, 28 U.S.C. § 1651.  *Id.*  And in the bankruptcy context, "a bankruptcy court can issue any order, including a civil contempt order, necessary or appropriate to carry out the provisions of the bankruptcy code," including those necessary "to prevent an abuse of process."  *Placid Refining Co. v. Terrebonne Fuel and Lube, Inc. (In re Terrebonne Fuel & Lube, Inc.)*, 108 F.3d 609, 613 (5th Cir. 1997); 11 U.S.C. § 105 (2010).  Thus, "'the plain language of § 105 furnishes the bankruptcy courts with ample authority to sanction conduct that abuses the judicial process, including conduct that unreasonably and vexatiously multiplies bankruptcy proceedings.'" *In re Carroll*, 2016 WL 4127768, at *10 (quoting *In re Volpert*, 110 F.3d 494, 501 (7th Cir. 1997)).  To that end, "Federal Rule of Bankruptcy Procedure 9011—bankruptcy's analogue to Civil Rule 11—authorizes the court to impose sanctions for bad-faith litigation conduct, which may include 'an order directing payment . . . of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.'"  *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 134 n.4 (2015)(citations omitted).

III.   ANALYSIS

Okorie raises several issues on appeal, as follows:

(1) Whether the Bankruptcy Court erred in granting the motion for sanctions against Okorie without evidence of bad faith.

(2) Whether the Bankruptcy Court's pre-filing injunction violates Okorie's First

Amendment right to petition the government for legal redress.

(3) Whether the Bankruptcy Court abused its discretion in assessing monetary sanctions against Okorie in the amount of $78,533 without a detailed analysis of the reasonableness of the amount.

(4) Whether the Bankruptcy Court failed to provide Okorie with adequate due process before imposing sanctions and a pre-filing injunction.

A.  <u>Was there evidence of bad faith by Okorie?</u>

Okorie argues that there is no evidence of bad faith on his part in that he never delayed or disrupted litigation, misused the judicial process or unlawfully interfered with the enforcement of a court order.  Instead, he argues that he was simply "making filings in Court in his pursuit of legal redress," and that all of his filings have been grounded in applicable law.  [5] at 7.

An award of sanctions will be upheld only if "(1) the bankruptcy court finds that a party acted in bad faith or willfully abused the judicial process and (2) its finding is supported by clear and convincing evidence." *Kreit v. Quinn* (*In re Cleveland Imaging and Surg. Hosp., L.L.C.*), 26 F.4th 285, 292 (5th Cir. 2022).  "If this high threshold for invoking inherent powers is surmounted, we review the substance of the sanction itself more deferentially, for an abuse of discretion." *The Cadle Co. v. Moore* (*In re Moore*), 739 F.3d 724, 730 (5th Cir. 2014).

A review of the Bankruptcy's Court's record demonstrates multiple instances and acts of bad faith by Okorie.  With detailed citations to the record, the Order [B.1198] set out numerous instances of Okorie's frivolous filings and collateral attacks on Court orders.  *See* [B.1198] at 7-9. Okorie made baseless attacks on the Trustee and the administration of the estate.  *Id.* at 6.  In numerous filings, he alleged that creditors had violated inapplicable statutes, and he misstated and mischaracterized the facts and applicable law.  *Id.* at 7-8.  He acted contrary to a settlement

agreement, a loan agreement, and a personal guaranty that he had signed. *Id.* at 8. Without any supporting evidence, he made filings accusing the Trustee, creditors, and their counsel of collusion and fraud. *Id.* In his filings, he cited cases and statutes that do not exist. *Id.* at 9. And he made filings citing statutes and cases for legal propositions not found within the cases or statutes. *Id.*

The Bankruptcy Court, furthermore, analyzed Okorie's actions pursuant to the criteria set forth in Rule 9011(b). *See* n.4 *supra.* The Bankruptcy Court observed that, pursuant to Rule 9011(c), a court may award sanctions for a violation of even one of section (b)'s subsections. When Okorie submitted filings that lacked support in existing law or were supported only by nonfrivolous arguments, the Bankruptcy Court found that he violated Rule 9011. When he alleged facts contrary to the record, the court concluded that he violated Rule 9011. When he advanced groundless filings without evidentiary support, the court found that he violated Rule 9011.

Considering the record and applicable law, the Court finds that the Bankruptcy Court's finding of bad faith by Okorie is not clearly erroneous and is, furthermore, supported by clear and convincing evidence. Although Okorie argues that his arguments were made in good faith, the record belies his contentions. The Court's order, furthermore, correctly followed the criteria set forth in Rule 9011 to evaluate Okorie's filings and does not constitute an abuse of discretion. Accordingly, the Court finds no basis to disturb the Bankruptcy Court's ruling on this issue.

B. Does the pre-filing injunction violate Okorie's First Amendment Rights?

As a part of the sanctions order, the Bankruptcy Court implemented a pre-filing injunction against Okorie that requires him to obtain leave of Court prior to making a filing. Okorie argues that the pre-filing injunction violates his First Amendment right to petition the government for legal redress. He argues that he has legitimate concerns about proceedings in the Bankruptcy Court, and that the only means to express and settle these concerns is by filing documents with the

court.

Turning to the pre-filing injunction, it provides, that, effective March 25, 2024,

Dr. Okorie is enjoined from filing any future pleadings, motions, or other
documents seeking relief from this Court in this case and the related adversary
proceedings without first requesting and obtaining leave of Court.  Any motion for
leave must:
1.  Not exceed two pages,
2.  Attach the proposed filing,
3.  Explain why the proposed filing is not frivolous,
4.  Explain why the proposed filing is not an attack on any previous order entered
    by the Court in this Case or any related adversary proceeding, and
5.  Shall certify, by affidavit or under penalty of perjury, that the proposed filing
    raises a new issue that has not already been rejected by the Court or is not
    currently pending before the Court.

[B.1198] at 13-14.

"A district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008).  This area of the law is well-settled and long-standing.  *See Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1115 (5th Cir. 1986)(holding that a district court may impose a pre-filing injunction, which would bar a litigant from filing any additional actions without first obtaining leave from the district court, to deter vexatious filings).  Even so, a pre-filing injunction "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986).  The decision to grant an injunction is reviewed under the abuse of discretion standard.  *Baum*, 513 F.3d at 187.

In this case, the Bankruptcy Court specifically evaluated Okorie's conduct under the criteria for imposing a pre-filing injunction set forth in *Baum,* weighed all the relevant circumstances, and found that his conduct met all of the following factors:

(1) the party's history of litigation, in particular whether he has filed vexatious,
    harassing, or duplicative lawsuits;
(2) whether the party had a good faith basis for pursuing the litigation, or simply

9

> intended to harass;
> (3) the extent of the burden on the courts and other parties resulting from the
>     party's filings; and
> (4) the adequacy of alternative sanctions.

*Id.* at 189.

Having reviewed the record and the Bankruptcy Court's decision, the Court finds that the

pre-filing injunction imposed on Okorie by the Bankruptcy Court was not an abuse of discretion.

Citing example after example in the record, the Bankruptcy Court set out Okorie's history of

litigation, his lack of a good faith basis for pursuit of the litigation, as well as how his actions

hindered and delayed the Trustee and resolution of the case.  Moreover, the Bankruptcy Court

highlighted the increase of administrative expenses that are draining the recovery to creditors, as

well as placing a burden on the courts.

Significantly, the Court observes that Okorie's fear of not being able to express his

legitimate concerns to the Bankruptcy Court has not come to fruition.  In the less than six months

since the imposition of the pre-filing injunction, by the Court's count, Okorie has caused forty-

five separate entries to be filed on the docket of the Bankruptcy Court.

The language of the pre-filing injunction, moreover, simply tracks the pre-existing

requirements of Rule 9011 of the Federal Rules of Bankruptcy Procedure.  By spelling out the

requirements and the spirit of Rule 9011 in plain, concise terms, the Bankruptcy Court created an

easy-to-follow guide for Okorie's future filings.  It also made clear that a *pro se* litigant, such as

Okorie, must consider Rule 9011's criteria prior to filing -- a requirement for any document filed

before the Bankruptcy Court.

In sum, "[t]he right of access to the courts is neither absolute nor unconditional and there

is no constitutional right of access to the courts to prosecute an action that is frivolous or

malicious." *Id.* at 193.  Accordingly, for the reasons explained above, the Court finds no basis to

disturb the Bankruptcy's decision on this issue and finds that the imposition of a pre-filing injunction for Okorie was not an abuse of discretion.

C.   Did the Bankruptcy Court abuse its discretion in assessing $78,533 in monetary sanctions against Okorie without a detailed analysis of the amount?

Okorie asserts that the Bankruptcy Court failed to provide a reasonable explanation of the sanction award.  Although he acknowledges that the sanction of $78,533 is based on the fees and expenses the Trustee incurred defending against his filings, he reiterates his assertion that his filings were made in good faith, therefore it is unjust to sanction him.  [5] at 10.

Upon a finding bad faith on the part of bankruptcy litigants, bankruptcy courts have imposed sanctions based on the attorney fees a trustee incurred litigating frivolous filings.  *See In re Cleveland Imaging and Surgical Hosp., L.L.C.*, 25 F.4th 285 (5th Cir. 2022) (affirming sanctions award against bankruptcy litigants based on fees trustee incurred in defending frivolous adversary proceeding); *In re Carroll*, 850 F.3d at 811 (affirming $49,432 in sanctions against bankruptcy debtors and their daughters; award represented the amount of attorneys' fees incurred by the trustee in responding to bad faith filings);  And, as the foregoing cases demonstrate, the Fifth Circuit has upheld such monetary sanctions.

Other circuits agree that the Bankruptcy Rules and related statutes empower the Bankruptcy Court to order monetary sanctions for vexatious, abusive and bad faith filings. *See In re Volpert,* 110 F.3d at 500 (affirming monetary sanctions against attorney under section 105 for "unreasonably and vexatiously" multiplying the proceedings); *In re Rainbow Magazine, Inc.,* 77 F.3d 278, 284–5 (9th Cir. 1996) (approving bankruptcy court's monetary sanctions against the debtor's shareholder for "orchestrating" the bad faith bankruptcy filing of the debtor); and *In re Courtesy Inns, Ltd., Inc.,* 40 F.3d 1084, 1089 (10th Cir. 1994) (affirming bankruptcy court's

decision, upheld by the district court, to impose monetary sanctions on debtor's president for filing

bad faith bankruptcy petition).

The reasonableness of the attorneys' fees was fully explored during the Trustee's hearing

on the Motion for Sanctions held on February 22, 2024.  See [B.1162] (hearing transcript).  And a

detailed bill representing the hours and efforts the Trustee's counsel spent defending Okorie's

many filings was attached to the Application for Compensation [B.964-1].  What is more, this

Court has previously upheld the award of attorneys' fees.  *See* Order [7], *Okorie v. Lentz*, No.

2:24cv30-KS-MTP (S.D. Miss. July 1, 2024).  Thus, having reviewed the detailed record before

the Court, the undersigned finds that the Bankruptcy Court did not abuse its discretion in awarding

sanctions in the amount of $78,533.27.[7]

D. Did the Bankruptcy Court provide adequate due process to Okorie?

Okorie argues that the Bankruptcy Court violated his due process right to a fair trial when

it imposed the sanctions and the pre-filing injunction without considering the merits of his

arguments.  He asserts that the Bankruptcy Court, in error, focused on his multiple filings and

failed to examine his "complaints and concerns about how the Trustee and the creditors were

violating the law."  [5] at 11.

To the contrary, these assertions are belied by the record.  Instead, Okorie's "right to due

process was more than vindicated by the court's processes."  *Krueger v. Torres* (*In re Krueger*),

812 F.3d 365, 370 (5th Cir. 2010).  "Due process requires notice 'reasonably calculated, under all

the circumstances, to apprise interested parties of the pendency of the action and afford them an

---

[7] The Court takes this opportunity to make clear that it is affirming <u>one</u> award of sanctions against Okorie in the amount of $78,533.27, representing attorneys' fees the Trustee has incurred in defending against Okorie's filings.  The Court is not ordering Okorie to pay sanctions in the amount of $78,533.27 (representing attorneys' fees incurred by the Trustee) AND a separate award of $78,533.27, representing the same attorneys' fees incurred by the Trustee, which was affirmed by the Court in Civil Action No. 2:24cv30-KS-MTP.  *See In re Carroll*, 850 F.3d at 816 (finding that "the purpose of ordering [the debtors] to pay [the trustee's attorneys' fees] is to prevent the estate from bearing the costs of [the debtors'] vexatious conduct.").

opportunity to present their objections.'" *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S.

260, 272 (2010)(citations omitted).

The record demonstrates that the counsel for the Trustee served Okorie with the Rule 9011

"safe harbor" letter with draft motion for sanctions, as well as the motion for sanctions.  [B.846],

[B. 922].  Okorie acknowledged receipt of those items on the docket.  [B.849], [B.931].  Okorie

filed responses to the Motion for Sanctions.  *See* [B.931], [B.1100].  He also filed oppositions to

the creditors' joinders in the motion.  [B.1069], [B.1077], [B.1098], [B.1099].  The Bankruptcy

Court properly scheduled and noticed the hearing on the Motion for Sanctions, and Okorie attended

the hearing,[8] despite filing several motions to reschedule or forego the hearing.  *See, e.g.,* [B.997],

[B.1006], [B.1013], [B.1019], [B.1105].  Although he refused to answer questions under oath,

invoking his "Fifth and Sixth Amendment Rights to not answer any questions in this court," he

otherwise appeared at the hearing, presented argument, and presented evidence.  *See* [B.1108],

[B.1109]; [B.1110], [B.1111]; *see also* [B.1162] at 74-81 (hearing transcript). Okorie has been

afforded an opportunity to present his objections.  Accordingly, this contention is without merit,

and this argument does not provide a basis to disturb the Bankruptcy Court's decision.

IV.    CONCLUSION

For the reasons stated in this Order and based on a *de novo* review of the applicable law,

the Court finds that the Bankruptcy Court did not abuse its discretion when it awarded sanctions

against Okorie.  The Court also finds no clear error in the Bankruptcy Court's findings of fact and,

moreover, its finding of bad faith by Okorie is supported by clear and convincing evidence.

Accordingly, the Order of the Bankruptcy Court [B.1198] awarding sanctions against Okorie is

---

[8] The Bankruptcy Court held one hearing on the Motion for Sanctions [B.922] filed by counsel for Trustee, the Application for Compensation [B.964] by Trustee's counsel, and Okorie's Motion for Sanctions [B.1010] against counsel for the Trustee on February 22, 2024.  *See* [B.1162].  Other Motions filed by Okorie were heard at that time. *See* [B.1043], [B.1044], [B.1045], [B.1046]. [B.1047].

hereby affirmed, and this appeal is dismissed.  Okorie's Motion for Stay Pending Appeal [2] is

hereby denied as moot.

       SO ORDERED and ADJUDGED, this 9th day of September, 2024.


                    /s/ Keith Starrett
                    KEITH STARRETT
                    UNITED STATES DISTRICT JUDGE